# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-CR-253-RJC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **ORDER** | |
| ) | | |
| NAZIM HOSEIN, ) | | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

**THIS MATTER IS BEFORE THE COURT** on several matters, including the following: *pro se* Defendant's "Enumerated Motion For Lack Of Jurisdiction" (Document No. 45) filed March 29, 2012; *pro se* Defendant's handwritten "Affidavit Of Promissory Representation By Richard H. Tomberlin, a/k/a Richard H. Tomberlin, Court Appoint Assistance Of Counsel" (Document No. 47) filed March 30, 2012, and an associated oral motion to withdraw made April 4, 2012 by Mr. Tomberlin; and the arraignment of Defendant on the "Amended Superseding Bill of Indictment" (Document No. 46). The Court conducted a hearing pertaining to these matters on April 4, 2012. Having carefully considered the matters, the record, and applicable authority, the undersigned will take the following action:

## MOTION FOR LACK OF JURISDICTION

At the hearing in this matter on April 4, 2012, the Court first addressed Defendant's *pro se* "Enumerated Motion for Lack of Jurisdiction" (Document No 45). In this handwritten motion prepared and filed by Defendant without the participation of his appointed lawyer, Defendant essentially moves to dismiss the indictment in his case on the basis that the Court lacks jurisdiction. Noting that the Court does not normally address motions filed *pro se* by criminal

defendants who are represented by appointed counsel, the Court nonetheless did hear from both Defendant and counsel for Defendant and the government.

The record in the case does reflect that Defendant, Nazim Hosein, is represented by appointed counsel in the case, Mr. Richard H. Tomberlin. It is in fact the historical practice of this Court, when a defendant is represented by counsel, to rule on motions filed only by counsel of record. As the Court pointed out at the hearing, this practice is consistent with Local Criminal Rule 47.1, which states in pertinent part that "except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of the waiver." This *pro se* motion is not properly before the Court.

The undersigned observes that, at the hearing in this matter, the government noted that Chief Judge Conrad, the presiding judicial officer in the case, has previously denied a similar motion to dismiss the indictment based on lack of jurisdiction (Document No. 16). In light of all the circumstances, but primarily based on the local rule and the Court's practice, the Court will deny this motion without prejudice to bring it again, if appropriate, with the assistance of appointed counsel.

## **LEGAL REPRESENTATION**

At the hearing, the Court next turned to Defendant's *pro se* "Affidavit of Promissory Representation by Richard H. Tomberlin, a/k/a RICHARD H. TOMBERLIN, court appointed assistance of counsel" (Document No. 47). In this handwritten document likewise prepared and filed by Defendant without the participation of his appointed lawyer, Defendant in part makes a serious allegation against his appointed lawyer, Mr. Tomberlin. In pertinent part, the document

reads that "on March 28, 2012 Richard H. Tomberlin visited Nazim Hosein, authorized representative of NAZIM HOSEIN . . . and made a direct threat to Nazim Hosein by saying 'I will beat the shit out of you when I see you in the streets.'" On this basis, the document requests the removal of Mr. Tomberlin as counsel.

During the hearing, the Court heard from Mr. Tomberlin, who firmly denied the allegation and made an oral motion to withdraw from further representation of Defendant. The Court explained to Defendant that Mr. Tomberlin was moving to withdraw from further representing him. The Court further detailed at some length that he had the right to retain counsel of his own choosing, to be represented by appointed counsel if he qualified, or to make the choice to represent himself, after an appropriate inquiry from the Court. When the Court asked Defendant what he wanted to do about counsel, he declined to address the issue and addressed instead his argument that the Court lacks jurisdiction over the case. The Court at that time indicated it would take the issue of counsel under advisement and would move ahead to arraignment.

Arraignment will be addressed in greater detail below, but suffice to say the Court determined that a formal reading of the amended superseding bill of indictment would be required and began to conduct that formal reading. Defendant then stated he waived his right to an attorney and wanted to represent himself. On this basis, the Court then attempted to conduct a Faretta inquiry to ensure Defendant was making a clear and knowing choice to represent himself. This inquiry was for naught, however, because Defendant almost immediately gave an ambiguous statement from which the Court concluded that Defendant was not making an unequivocal assertion of his right to represent himself, which the law requires at the threshold. See Faretta v. California, 422 US 806 (1975).

From all of this, the Court candidly concluded that Defendant was simply trying to obstruct the proceedings. While the situation presented here between Defendant and Mr. Tomberlin is complicated – and unpleasant – the Court does not find that the motion to withdraw made orally by Mr. Tomberlin should be granted. There are a number of cases from this circuit which establish that substitution of counsel is not required where the difficulties presented are largely due to the misbehavior of the defendant. See <u>United States v. Morsley</u>, 64 F.3d 907 (4th Cir. 1995). Mr. Tomberlin is an accomplished and experienced lawyer and at this juncture can carry on ably despite these circumstances. Accordingly, Mr. Tomberlin's oral motion to withdraw is denied. The Court notes, of course, that this decision does not prevent Defendant from retaining counsel of his own choosing or appropriately declaring his desire to represent himself in a future <u>Faretta</u> hearing.

## **ARRAIGNMENT**

As noted above, the Court made an effort to conduct an arraignment of Defendant on the charges contained in the amended superseding bill of indictment. In fact, this was the actual proceeding for which the case was initially calendared. As stated, based on the observations of counsel, the Court concluded that a formal reading would be required given the unusual circumstances of the case, and candidly, Defendant's difficult behavior during the hearing. However, Defendant persisted in interrupting the Court's attempts to conduct a formal reading in order to further argue his position on jurisdiction. Moreover, Mr. Tomberlin noted that Defendant had returned to him in open court the hard copy of the amended superseding bill that he had previously given to Defendant. The Court was forced to suspend the hearing and have Defendant removed by deputy United States marshals.

In light of all these circumstances, the Court concludes it has done all it can to conduct an

arraignment of Defendant on the charges contained in the amended superseding bill of indictment. The Court noted at the time of the hearing that Defendant had a hard copy of the document, though he gave it back to his counsel during the proceeding. The Court attempted to conduct a formal reading of the charges to ensure Defendant heard the new charging document's contents on the record, but this was foiled by Defendant's interruptions. The Defendant was previously arraigned in the case on the original charging document and has been represented by appointed counsel throughout this matter.

Based on all of this, the Court will direct that the Clerk make a minute entry for this case that arraignment was conducted in the case. This entry should note that Defendant declined to listen to the Court's formal reading of the bill and was sufficiently disruptive that he had to be removed from the courtroom. The Court directs the entry of a plea of not guilty and a request for a jury trial on his behalf.

**IT IS THEREFORE ORDERED,** based on the foregoing, that *pro se* Defendant's "Enumerated Motion For Lack Of Jurisdiction" (Document No. 45) is hereby **DENIED WITHOUT PREJUDICE**. Defendant may re-file the motion, if appropriate, with the assistance of his appointed counsel, Mr. Tomberlin.

**IT IS FURTHER ORDERED** that the oral motion to withdraw, made by Mr. Tomberlin as a result of Defendant's *pro se* "Affidavit Of Promissory Representation By Richard H. Tomberlin, a/k/a Richard H. Tomberlin, Court Appoint Assistance Of Counsel" (Document No. 47), is hereby **DENIED.** Mr. Tomberlin will continue as Defendant's appointed counsel.

**IT IS FURTHER ORDERED** that the Clerk note that arraignment has been conducted in this case. The Court directs the entry of a plea of not guilty and a request for a jury trial on the Defendant's behalf.

**SO ORDERED.**

Signed: April 12, 2012

David C. Keesler
United States Magistrate Judge